KATIE MAYO SMITH v. BARBARA ANN ELKS BY HER GUARDIAN AD LITEM, MARY R. ELKS, AND MARY R. ELKS, INDIVIDUALLY

No. 732SC135

(Filed 9 May 1973)

Automobiles § 62— striking of pedestrian — absence of negligence

In this action to recover for personal injuries received by plaintiff pedestrian when she was struck by defendants' automobile while attempting to cross a highway, plaintiff's evidence was insufficient to raise an inference that the accident was proximately caused by the negligence of defendant driver.

APPEAL by plaintiff from *Tillery, Judge,* 30 October 1972 Session of Superior Court held in BEAUFORT County.

This is a civil action wherein plaintiff, Katie Mayo Smith, seeks to recover of the minor defendant, Barbara Ann Elks through her guardian *ad litem* Mary R. Elks, and from defend-

Smith v. Elks

ant Mary R. Elks individually, damages for personal injuries suffered by plaintiff, a pedestrian, when she was struck by a 1970 Dodge automobile driven by the minor defendant.

The material evidence offered by plaintiff tended to show the following:

Plaintiff's home is located on the north side of highway 264 in Beaufort County. Highway 264 is a paved highway running in an east-west direction, between the town of Chocowinity in the east and the town of Grimesland in the west. On 12 July 1971, plaintiff, age 61, left the home of her sister-in-law located on a dirt lane off the south side of highway 264 several hundred feet east of plaintiff's residence and began walking home. After reaching highway 264, plaintiff walked in a westerly direction on the south shoulder of the highway, facing the eastbound traffic. The day was clear and sunny and there were no obstructions to visibility on the shoulder of the road. In the vicinity of the accident, the road was straight for a distance of about one-half mile in each direction. When plaintiff decided to cross to the north side of highway 264, she stopped and looked both east and west. Plaintiff stood on the shoulder of the road two or three minutes allowing oncoming traffic to clear. Plaintiff saw an oil truck some distance down the road but saw no other vehicles as she began crossing. When plaintiff reached "about the middle of the highway," she was struck by the left front portion of the automobile owned by defendant Mary R. Elks and driven by the minor defendant Barbara Ann Elks. Plaintiff testified, "I didn't see Barbara's car. She did not blow her horn. She did not give me no warning she was coming. Like I told you, I did not see her."

Plaintiff's daughter, Edna Teal, testified that after the accident, the minor defendant

" . . . said something about my mother at the edge of the highway before she started across. She said she saw my mother walk on up and stop beside the road and then she said my mother took a step forward and stepped up on the concrete like she was going across and then she stepped back and she said, therefore, she thought she won't going to cross the road.

She said he kept her same speed."

Plaintiff's son-in-law, Vernon Teal, testified:

"I had a conversation in the presence of my wife with the defendant, Barbara Elks.

Well, she said that my wife's mother was walking side the highway, on the edge of the highway, or near the edge, and said her mother took a step forward and looked, then she took a step back, and she kept her same speed because she wasn't looking for her to cross at that time."

As a result of the accident, plaintiff was seriously and permanently injured. She was hospitalized for a period of 66 days and incurred medical expenses totaling approximately $6,500.00. Plaintiff continues to suffer pain.

At the close of plaintiff's evidence, defendants' motion for a directed verdict was allowed, and from a judgment directing a verdict for defendants, plaintiff appealed.

*LeRoy Scott for plaintiff appellant.*

*Edward N. Rodman for defendant appellees.*

HEDRICK, Judge.

Plaintiff contends the court erred in allowing defendants' motion for a directed verdict. We do not agree.

When the evidence is considered in the light most favorable to the plaintiff, it is insufficient to raise an inference that the accident resulting in the injuries to the plaintiff was proximately caused by the negligence of the minor defendant in the operation of the automobile owned by defendant Mary R. Elks.

The judgment is

Affirmed.

Judges BROCK and BRITT concur.